**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00513 RHH |
| | ) | |
| JOHN VALLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's Application to Proceed in District Court Without Prepayment of Fees and Costs. *See* ECF No. 2. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the Application and order Plaintiff to pay the full $405 filing fee.

### Three Strikes Rule

Plaintiff, a prisoner and a frequent filer, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of this Court's files indicates that Plaintiff previously brought three civil actions

that were dismissed as frivolous, malicious, or for failure to state a claim. *See Ware v. Foley, et al.,* No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.,* No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care,* No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr. et al.,* No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1915(g)); *Ware v. Galibert, et al.,* No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (dismissing Plaintiff's action under § 1915(g)). Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against 26 employees of the Missouri Department of Corrections (MDOC) alleging a failure to protect, unconstitutional conditions of confinement and deliberate indifference to his mental health and physical needs at the Eastern Reception, Diagnostic and Correctional Center (ERDCC).[1] Plaintiff also states that he believes the meals offered at the MDOC are constitutionally inadequate. He sues all Defendants in their individual and official capacities.

Plaintiff alleges that he has been engulfed in "germs and toxics" at ERDCC which has given him migraines, anxiety and depression for which he has self-medicated with illegal substances like K2.  Plaintiff also complains about the diet provided at ERDCC. He states that he would like a high-protein diet because he craves meat and blood; however, he has not been provided with a carnivore diet, and he believes the diet at ERDCC to be inadequate. Plaintiff states in a conclusory manner, and without elaboration, that this "inadequate" diet has led his

---

[1] Plaintiff appears to assert 29 claims for relief in his Complaint. His claims are difficult to read, but it appears that they are unrelated to one another and in violation of Federal Rules of Civil Procedure 18 and 20. For this reason, the Court will only review Plaintiff's claims relating to his assertions on page 11 of the Complaint. All other claims will be severed and dismissed from this action. *See* Fed. R. Civ. P. 21.

bones to "ache."  Plaintiff seeks release from confinement, monetary damages and other injunctive relief.

### Discussion

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strikes rule. The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see e.g., McAlphin v. Toney,* 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).

Viewed in the light most favorable to Plaintiff, the Court finds that his allegations of failure to protect, unconstitutional conditions of confinement and deliberate indifference to his physical and mental health needs do not demonstrate an imminent danger of serious physical injury sufficient to avoid the three-strikes bar. Simply put, the Court finds Plaintiff's allegations of imminent danger to be too speculative and remote to invoke the exception to § 1915(g). Because Plaintiff's Complaint does not fall under the imminent danger exception to § 1915(g), the Court will deny Plaintiff's Application to Proceed in District Court Without Prepayment of Fees and Costs. Plaintiff shall pay the $405 filing fee within 21 days of the date of this Order, or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

### Motion for Appointment of Counsel

In conjunction with his Complaint, Plaintiff filed a Motion for Appointment of Counsel. [ECF No. 4].  The Motion will be denied at this time.

3

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

The Court finds that the appointment of counsel is not warranted at this time. Plaintiff has not yet paid the filing fee in this action, and his Complaint is subject to review under 28 U.S.C. § 1915A after he does so. Additionally, a cursory review of the allegations in the Complaint indicates that Plaintiff's allegations appear frivolous or subject to dismissal for failure to state a claim under § 1915A. Plaintiff's Motion for Appointment of Counsel will therefore be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims for relief in this action, except for those listed on page 11 of his Complaint, are **SEVERED and DISMISSED**. A separate Order of Dismissal will be entered at the culmination of the instant action. *See* Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee of $405 within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No.  4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 8th day of April,  2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE