**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00513 RHH |
| | ) | |
| JOHN VALLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's motion for reconsideration of the Court's Opinion, Memorandum and Order entered on April 8, 2026, in which the Court found he was a "three-striker," was not under "imminent danger and severed 28 of his 29 claims for relief pursuant to Federal Rule of Civil Procedure 21. [ECF No. 7].

Also before the Court is Plaintiff's motion to amend his Complaint to add approximately 30 additional claims in this action. [ECF No. 8]. Last, Plaintiff filed an unsupported letter seeking injunctive relief in which he seeks to shut down the kitchen at Eastern Reception Diagnostic Center (ERDCC) and have vendor-provided meals. [ECF No. 9]. The Court will address each of Plaintiff's requests in turn.

### Background

Plaintiff Supastar Ware, a frequent litigator in this Court, filed the instant civil rights action on April 7, 2026. [ECF No. 1]. He asserts claims against 26 employees of the Missouri Department of Corrections (MDOC) alleging a failure to protect, unconstitutional conditions of confinement and deliberate indifference to his mental health and physical needs at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). Plaintiff also states that he believes the meals

offered at the MDOC are constitutionally inadequate. He sues all Defendants in their individual and official capacities.

On April 8, 2026, the Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim. Plaintiff's prior litigation history was also reviewed to see if he was able to proceed in forma pauperis pursuant to § 1915.

The Court first found that Plaintiff appears to assert 29 claims for relief in his Complaint. His claims are difficult to read, but in the Court's prior Opinion, Memorandum and Order, the Court found that Plaintiff's claims are unrelated to one another and in violation of Federal Rules of Civil Procedure 18 and 20. For this reason, the Court found that it would only review Plaintiff's claims relating to his assertions on page 11 of the Complaint. All other claims will be severed and dismissed from this action at the end of this case. *See* Fed. R. Civ. P. 21.

Plaintiff's claims on page 11 of his Complaint are as follows:

Ingulfed [sic] germs & toxic's [sic], severe migraines, taking unethical medicines to relieve pain!! As well having to smoke illegal K2 to (reduce) pain. Staff members bring such substance Inn [sic] to inmates. I dont [sic] give names I'm a (convict) but HETT CCM & Lawson Of HU5 (Mull's)!! Severe depression, anxiety, PTSD, overly anxious, causes panic attacks since Feb 13, 2026 (I believe) mental defects became severe, however Dr. Irving (refused) to explain type of medicine an defects (I believe) Truvada or Luvada Provides. She named (I believe) HIV medication or Immune system blockers. As well fellow physician failed to provide (High Protein) diet plan due to Carnivore (I crave meat, blood, etc) DNA can verify. Suffering from malnutrition cruelty ongoing inadequate meals since 2015 acknowledge digitally (I believe) 2016 via Corizon 2017 and 2018 by Med-Tech Summer at JCCC actually seen screen of PC she failed to submit application for proper meal. Causing (Bones) to "ache"! Germs everywhere (I believe) toilet water on all propert, staff refuses to issue clean fresh brand new linen. PTSD & Anxiety severe!!

[ECF No. 1 at 11].

Additionally, after reviewing Plaintiff's litigation history, the Court found that Plaintiff, a prisoner and a frequent filer, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if they have filed at least three actions that have been dismissed as

2

frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule.

A review of this Court's files indicates that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. *See Ware v. Foley, et al.,* No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.,* No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care,* No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr. et al.,* No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1915(g)); *Ware v. Galibert, et al.,* No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (dismissing Plaintiff's action under § 1915(g)). Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## Discussion

Plaintiff seeks to amend his Complaint to add approximately 30 additional claims in this action. [ECF No. 8]. Although leave to amend is usually freely granted, Plaintiff has failed to provide his Amended Complaint on a Court-provided form, as required by the Local Rule. *See* Local Rule 2.06(A). Additionally, he has failed to attach a proposed Amended Complaint to his request to amend outlining his proposed claims for relief (and how they differ from his prior claims). *See Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.,* 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order

3

to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). And last, the Court has already indicated that Plaintiff is unable to join unrelated claims in his Complaint. *See* Federal Rules if Civil Procedure 18 and 20. For these reasons, the Court will deny Plaintiff's request to amend his Complaint. [ECF No. 8].

To the extent Plaintiff is seeking reconsideration of this Court's finding that he has "three strikes" under § 1915(g), the Court declines to reconsider its ruling. Additionally, the Court declines to reconsider its severance, under Rules 18, 20 and 21, of Plaintiff's unrelated claims in his Complaint that are not set forth on page 11 of his pleading. Thus, Plaintiff's motion for reconsideration will also be denied. [ECF No. 7].

Last, Plaintiff's request for injunctive relief, or order seeking to have vendor-provided meals at ERDCC, will also be denied, without prejudice, at this time. [ECF No. 9]. At the outset, the Court notes that, according to the Local Rules of this Court, Plaintiff may not seek relief in this case by sending a letter to the Court. Instead, Plaintiff may only address the Court through motions and memoranda, unless otherwise directed by the Court. *See* Local Rule 4.04(A). The Court also reminds Plaintiff that, although he represents himself in this case, he "[is] not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (citation omitted). Nevertheless, the Court liberally construes Plaintiff's letter as a motion requesting a temporary restraining order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

In determining whether to grant a temporary restraining order or a preliminary injunction, courts consider "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest."

*Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see Tumey v. Mycroft AI, Inc.,* 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction"). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Publ'g Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986) (citing *Dataphase,* 640 F.2d at 113).

In the prison context, "a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue, "a right must be violated," and "'the [C]ourt must determine' whether 'a cognizable danger of future violation exists[,] and that danger must be more than a mere possibility.'" *Id.* at 521 (quoting *Rogers*, 676 F.2d at 1214). Further, "courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* (quoting *Rogers*, 676 F.2d at 1214). And Plaintiff "bears the burden of proving" that the temporary-restraining-order factors "weigh in [his] favor." *Mgmt. Registry, Inc. v. A.W. Cos.,* 920 F.3d 1181, 1183 (8th Cir. 2019) (quoting *Watkins Inc. v. Lewis*, 246 F.3d 841, 844 (8th Cir. 2003)).

After reviewing the *Dataphase* factors and the relevant facts, the Court denies Plaintiff's request for a temporary restraining order. First, Plaintiff did not describe any constitutional violation in his request for injunctive relief. And he notes only conclusory harm in his Complaint, stating that he believes he is suffering from "inadequate" nutrition and that he needs

5

a carnivore diet. Plaintiff's factual allegations do not support his conclusion that he is suffering from imminent danger, as he states that he has had inadequate meals at the Missouri Department of Corrections since 2015. And these conclusory allegations, without more, fail to demonstrate a constitutional violation. Plaintiff also fails to describe any threat of irreparable harm or cognizable danger of a future violation. Thus, after reviewing the *Dataphase* factors and all the relevant facts, the Court concludes that Plaintiff has not met his burden of proving that the Court should issue a temporary restraining order. His request will be denied, without prejudice. [ECF No. 9].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the Court's Apil 8, 2026 Opinion, Memorandum and Order [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his Complaint [ECF No. 8] is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's request for temporary restraining order [ECF No.  9] is **DENIED, without prejudice.**

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 20th day of April,  2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE